IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| ALVIN BROOKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO.: _____ |
| SCALES 925 ATLANTA | ) | |
| MANAGEMENT LLC, | ) | |
| SCALES 925 ATLANTA, LLC, and | ) | |
| CHARLES HUGHES | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Alvin Brookins and files this lawsuit against Defendants Scales 925 Atlanta Management, LLC, Scales 925 Atlanta, LLC and Charles Hughes (hereinafter collectively "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay the federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et*

1

*seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Scales 925 Atlanta Management, LLC is a Georgia corporation with its registered agent, Charles Hughes, located at 30 Ivan Allen Jr. Boulevard NW, #125, Fulton, Atlanta, GA, 30308.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

5.

Defendant Scales 925 Atlanta, LLC is a Georgia corporation with its registered agent, Charles Hughes, located at 30 Ivan Allen Jr. Boulevard NW, #125, Fulton, Atlanta, GA, 30308.

6.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's work location: 30 Ivan Allen Jr Blvd NW, #125, Atlanta, GA 30308.

### III. Parties

7.

Plaintiff was a resident of the State of Georgia during the relevant time period.

8.

Defendant Scales 925 Atlanta Management, LLC may be served with process by delivering a copy of the summons and complaint to its registered agent, Charles Hughes, located at 30 Ivan Allen Jr Blvd NW #125, Atlanta, GA 30308.

9.

Defendant Scales 925 Atlanta, LLC may be served with process by delivering a copy of the summons and complaint to its registered agent, Charles Hughes, located at 30 Ivan Allen Jr Blvd NW #125, Atlanta, GA 30308.

10.

Defendant Charles may be served with process by delivering a copy of the summons and complaint to his office address at 30 Ivan Allen Jr Blvd NW #125, Atlanta, GA 30308.

### IV. Factual Allegations

11.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C.

§203(e)) for Defendants.

12.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

13.

Defendants employed the named Plaintiff during the relevant time period.

14.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 when working more than forty (40) hours per week.

15.

Defendant Scales 925 Atlanta Management, LLC is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

16.

Defendant Scales 925 Atlanta, LLC is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

17.

Defendant Charles Hughes is the Owner of Scales 925 restaurant, which corporately owned by Scales 925 Atlanta Management, LLC and/or Scales 925 Atlanta, LLC.

18.

Defendant Hughes had discretion over Plaintiff's working hours and overtime compensation.

19.

Defendant Hughes acts both directly and indirectly in the interest of Scales 925 Atlanta Management, LLC and Scales 925 Atlanta, LLC. and was in a supervisory position over Plaintiff.

20.

Defendant Scales 925 Atlanta Management, LLC is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

21.

Defendant Scales 925 Atlanta, LLC is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

22.

Defendant Hughes is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

23.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

24.

Plaintiff began working for Scales 925 Atlanta, LLC as a chef on or about July 1, 2015 earning $13 per hour.

25.

Plaintiff worked more than 40 hours per week at the request of the Executive Chef (his immediate supervisor), but was not paid overtime for the hours beyond 40 per week.

26.

Plaintiff finally complained about this unpaid overtime to Defendant Hughes in November 2015 when he explained that he had permission from his supervisor to work beyond his scheduled 40 hours.

27.

Following this meeting, instead of being paid for the overtime, Plaintiff was instead taken off the work schedule from November 13th through November 27th.

28.

Plaintiff was then placed back on the schedule and was subsequently paid for his ongoing overtime hours until his schedule was reduced for no apparent

reason.

29.

Plaintiff then began receiving handwritten checks from Scales 925 Atlanta Management LLC, a different corporation. Plaintiff was unable to support his family on the reduced workload so he resigned his employment.

30.

Based on his good faith estimate, Plaintiff is still owed approximately $4,200 in unpaid overtime.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

34.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

35.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid overtime wages pursuant to the FLSA §§ 6, 7; 29 U.S.C. §§ 206, 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(D) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 11th day of February 2016.

                                                            **THE SHARMAN LAW FIRM LLC**

                                                            /s/ Paul J. Sharman
                                                            PAUL J. SHARMAN
                                                            Georgia State Bar No. 227207

                                                            The Sharman Law Firm LLC
                                                            11175 Cicero Drive, Suite 100
                                                            Alpharetta, GA 30022
                                                            Phone: (678) 242-5297
                                                            Fax: (678) 802-2129
                                                            Email: paul@sharman-law.com

                                                            Counsel for Plaintiff